UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BERTRAM PAYNE,

                          Plaintiff,

        v.

C.O. COBURN et al.,

                          Defendants.

9:15-CV-0392
(GLS/TWD)

---

APPEARANCES:

BERTRAM PAYNE
07-A-3249
Plaintiff, pro se
Wallkill Correctional Facility
Box G
Wallkill, NY 12589

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

Plaintiff pro se Bertram Payne commenced this action pursuant to 42 U.S.C. § 1983 seeking to asserts claims arising out of his confinement at Eastern Correctional Facility. *See* Dkt. No. 1 ("Compl.").[1] Plaintiff, who is presently confined at Wallkill Correctional Facility, did not pay the filing fee for this action and sought leave to proceed in forma pauperis.

Upon review of plaintiff's complaint, this Court found that plaintiff's due process claims arising out of a tier 3 disciplinary hearing conducted by Deputy Supt. Caleo in May 2012

---

[1] Plaintiff was found guilty of unauthorized possession of Uniform Commercial Code materials and was sentenced to six months confinement in the special housing unit, loss of privileges, and loss of recommended good time. Dkt. No. 13 at 3-4; Dkt. No. 2 at 17. The disciplinary determination and the penalties assessed were affirmed on appeal. *Id*. at 3-4; Dkt. No. 2 at 17.

"implicate the validity of his disciplinary conviction and sentence" and that plaintiff was subjected to "mixed sanctions" affecting both the duration and the conditions of his confinement. See Dkt. No. 7 ("June Order") at 13-14.[2] Because plaintiff had not demonstrated that these determinations have been invalidated, the Court found that the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), barred prosecution of the claims unless he "'abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in [this] § 1983 suit.'" June Order at 14 (quoting *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006)).

Plaintiff has submitted a written statement (the "*Peralta* Waiver") in which he "agree[s] to waive for all times all claims in the action relating to disciplinary sanctions affecting the duration of my confinement (i.e., the recommended loss of good time[)]," and states that he "would like to proceed with the Due Process claim . . . with regard to the conditions of my confinement." Dkt. No. 8 at 1.

Based upon the foregoing and in accordance with plaintiff's Peralta Waiver, all claims set forth in the complaint relating to disciplinary sanctions imposed on plaintiff which affect the duration of his confinement are dismissed. In accordance with the June Order, the Clerk of the Court shall issue summonses and forward them to the U.S. Marshals Service for service on the defendants.

---

[2] The Court concluded that plaintiff's Eighth Amendment excessive force and failure to intervene claims against C.O. Coburn, C.O. Cruz, and C.O. Friedman, and his First Amendment retaliation claims against C.O. Friedman, C.O. Cruz, C.O. Jamil, C.O. Carr, C.O. Warren, Sgt. Miltier, and Sgt. Shirkey survived sua sponte review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A and require a response. June Order at 25. Plaintiff's remaining claims were dismissed for failure to state a claim upon which relied could be granted. *Id*. at 26.

**WHEREFORE**, it is hereby

**ORDERED** that in accordance with plaintiff's *Peralta* Waiver, all claims set forth in the complaint relating to disciplinary sanctions imposed on plaintiff which affect the duration of his confinement are **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service of process on defendants C.O. Coburn, C.O. Cruz, C.O. Friedman, C.O. Jamil, C.O. Carr, C.O. Warren, Sgt. Miltier, Sgt. Shirkey, Deputy Supt. Caleo, Supt. Larkin, and Director of Special Housing Prack.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that defendants, or their counsel, shall file a response to plaintiff's complaint as provided for in the Federal Rules of Civil Procedure after service of process on the defendants; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so will result in the dismissal of this action**, and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

August 4, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court