**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BERTRAM PAYNE,**

                **Plaintiff,**          Civil No. 9:15-cv-392
                                                            (GLS/TWD)

     v.

**C.O. COBURN et al.,**

                **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR PLAINTIFF:** | |
| BERTRAM PAYNE<br>224 Woodbine Street<br>Apt #1<br>Brooklyn, NY 11221 | |
| THE KINDLON LAW FIRM, PLLC<br>Pro Bono Trial Counsel<br>52 James Street, 5th Floor<br>Albany, NY 12207 | ANTHONY M. PASTEL, ESQ.<br>GENNARO D. CALABRESE, ESQ. |
| **FOR DEFENDANTS:** | |
| HON. BARBARA UNDERWOOD<br>New York Attorney General<br>The Capitol<br>Albany, NY 12224 | SHANNAN COLLIER<br>KRASNOKUTSKI<br>Assistant Attorney General |

**Gary L. Sharpe
Senior District Judge**

## **DECISION AND ORDER**

The court cannot locate *pro se* plaintiff Bertram Payne. Accordingly, it considers *sua sponte* plaintiff's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.[1]

On April 2, 2015, plaintiff filed a civil rights action. (Dkt. No. 1.) On August 4, 2015, the court issued an order warning plaintiff that he is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so will result in the dismissal of this action. (Dkt. No. 9 at 3.) This District has expended considerable effort in order to familiarize *pro se* litigants with the Local Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible on the court's website. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule 10.1(c)(2) provides:

---

[1] Despite the fact that pro bono counsel has been appointed, the instant issue of plaintiff's failure to notify the court of his current address is outside the scope of counsel's appointment, which concerns only the trial of this matter. (Dkt. No. 67 at 3.) Additionally, it appears that pro bono counsel has had difficulty in reaching plaintiff in connection with the upcoming trial of this matter. (Dkt. No. 69 at 1.)

2

> **[P]ro se litigants must immediately notify the Court of any change of address.** Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the notice shall apply.

In turn, Local Rule 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, plaintiff has acknowledged this obligation by filing or advising a change of address on two (2) separate occasions. (Dkt. Nos. 51, 64.)

Local Rule 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

On June 22, 2018, the Clerk mailed a copy of the Trial Order to plaintiff's last known address by regular mail. The Order was marked "RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD." (Dkt. No. 70)

For the orderly disposition of cases, it is essential that litigants honor

3

their continuing obligation to keep the court informed of address changes. *See Michaud v. Williams*, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998)).

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)).

As a matter of course, courts in this District have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *1 (N.D.N.Y. May 20, 1998); *Fenza*, 177 F.R.D. at 126; *Dansby*, 1996 WL 172699.

Although the court concludes that it would be an appropriate exercise of discretion to dismiss plaintiff's action at this juncture for failure to notify the court of his address change or to prosecute his action, it nonetheless affords plaintiff additional time, until July 16, 2018, to comply with this Order in providing an address where plaintiff is able to receive mail.

Accordingly, it is hereby

**ORDERED** that plaintiff be granted until July 16, 2018 to submit his current mailing address to the court, or verify that his mailing address is as listed in the caption of this order; and it is further

**ORDERED** that, if plaintiff fails to comply, the court will *sua sponte* dismiss this action for failure to notify the court of his mailing address change, for failure to prosecute, and failure to comply with the Court's Order; and it is further

**ORDERED** that the Clerk serve this Decision and Order on the plaintiff at his last know address and on all other parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

July 9, 2018
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge